**AMENDED**  UNITED STATES DISTRICT COURT  **AMENDED**
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jose Ubence (English)  **Dkt. No.:** 21CR01359-001-JLS

**Reg. No.:** 38740-509

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 8 U.S.C. §1324(a)(1)(A)(ii), Transportation of Certain Aliens, a Class D felony.

**Date of Revocation Sentence:** April 1, 2022

**Sentence:** 3 months' custody; 3 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On July 29, 2022, Your Honor modified the conditions of supervision to include Mr. Ubence participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer.

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** June 2, 2022

**Asst. U.S. Atty.:** Oleksandra Johnson     **Defense Counsel:** Marc B. Geller
                                                                (Appointed)
                                                                619-239-9456

**Prior Violation History:** None.

PETITIONING THE COURT

TO AMEND THE ORIGINAL ORDER TO SHOW CAUSE DATED, JANUARY 11, 2023, TO INCLUDE THE FOLLOWING ALLEGATIONS

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITION | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 11. On or about February 2, 2023, Mr. Ubence unlawfully took property from another person by force, in violation of California Penal Code § 211, as evidenced by Calexico Police Department, incident report number C23-01622.<br><br>12. On or about February 2, 2023, Mr. Ubence took a motor vehicle from another person by means of force, in violation of California Penal Code § 215(a), as evidenced by Calexico Police Department, incident report number C23-01622.<br><br>13. On or about February 2, 2023, Mr. Ubence assaulted another person with a deadly weapon, in violation of California Penal Code § 245(a)(1), as evidenced by Calexico Police Department, incident report number C23-01622.<br><br>14. On or about February 2, 2023, Mr. Ubence brought controlled substances into a jail, in violation of California Penal Code § 4573(a), as evidenced by Calexico Police Department, incident report number C23-01622. |

*Grounds for Revocation:* As to Allegations 11 through 14, I have received and reviewed Calexico Police Department's incident report, number C23-01622, which confirms the following: On the above date, at approximately 8:00 p.m., Manuel Herrera left Baja Mobile Detailing, a carwash located at 918 Imperial Avenue, Calexico, and traveled northbound towards his residence. Mr. Herrera exited his vehicle at a nearby alleyway to fix his groceries and was approached by two men. One of the men was later identified as Jose Ubence and the other remains unidentified. According to Mr. Herrera, Mr. Ubence stated in Spanish, "Tumbate con todo el dinero," which translates in English to "Give me your money." Mr. Herrera offered his cellular phone, but Mr. Ubence demanded money and the keys to the vehicle. Mr. Ubence struck Mr. Herrera on his upper back and neck with a black pipe. In defense, Mr. Herrera reached for a pepper spray in his pocket and sprayed Mr. Ubence's face twice. Mr. Ubence continued to demand the keys and entered Mr. Herrera's vehicle through the driver's seat. As Mr. Ubence attempted to turn on the engine, Mr. Herrera pepper sprayed him once more. Mr. Ubence exited the vehicle and fled the scene on foot with Mr. Herrera's keys. Mr. Herrera chased after Mr. Ubence, but lost visual of him after approximately two blocks. Officers and paramedics arrived on scene and provided aid to Mr. Herrera, who suffered from pain to his back and neck. Mr. Herrera provided a description of Mr. Ubence, who was reportedly wearing a black long-sleeve shirt and blue jeans.

Officers searched the surrounding areas and located Jose Ubence at Hollies Hotel and Suites, located at 801 Imperial Avenue in Calexico. Mr. Ubence was found crouching on top of a stairwell of the hotel. Officers ordered him to surrender and noted he was wearing a black t-shirt. While detaining Mr. Ubence, he indicated Mr. Herrera was a child molester. According to officers, Mr. Ubence stated, "…he's a fucking child molester". Officers

PROB12(C)                                                                                          
Name of Offender: Jose Ubence                          February 19, 2023
Docket No.: 21CR01359-001-JLS                                 Page 3

inspected the scene and located two keychains (each keychain had several keys) and a wet t-shirt. Mr. Ubence explained he had removed his t-shirt, which had become wet from pepper spray. While referring to the keys, Mr. Ubence stated, "Those keys, those keys, those keys, I took them away from the a man because I was going to call the cops." Subsequently thereafter, via an in-field line up, Mr. Herrera positively identified Mr. Ubence as the subject who struck him from behind and took his keys.

Mr. Ubence agreed to speak to officers about the incident. According to Mr. Ubence, Mr. Herrera approached him with pornographic videos and attempted to grab his leg. Mr. Ubence responded by telling him he was taking the car. According to officers, Mr. Ubence stated, "the only thing I did is I you know what fool I'm fucking leaving in your car. So I got into his car, I didn't even turn it on all right, I just locked the car." Mr. Ubence admitted to taking the keys away from Mr. Herrera after being pepper sprayed, but denied battering him. Later in the interview, Mr. Ubence altered his statement by indicating Mr. Herrera had given him the keys and offered him $40 dollars.

Mr. Ubence was placed under arrest for violating the California Penal Code (CPC) § 211- robbery; CPC § 215(a)- carjacking; and CPC § 245(a)(1)- assault with a deadly weapon. He was subsequently transported to Imperial County Jail for booking. During a search of his person, officers confiscated three small blue pills that fell from Mr. Ubence's socks. The pills were identified by officers as M-30 pills, which are known to be counterfeits for fentanyl. Consequently, Mr. Ubence was found to be in violation of CPC § 4573- bringing a controlled substance into a jail. During an x-ray scan of his person, officers observed three small black marks near his abdomen, the markings typically indicate a person ingested contraband; therefore, he was unable to obtain medical clearance from the county jail. Mr. Ubence was subsequently released out of custody to seek medical treatment per CPC § 849(b)(3).

Later, Mr. Ubence appeared to the Calexico Police Department in request of his personal property. Officers noted Mr. Ubence was active on federal probation and confirmed he had an outstanding federal warrant. The U.S. Marshal's Service was notified and executed the arrest. Mr. Ubence presently remains in federal custody.

Currently, the case is pending review by Imperial County District Attorney's Office for criminal charges.

**AMENDED**                  **VIOLATION SENTENCING SUMMARY**                  **AMENDED**

**SUPERVISION ADJUSTMENT**

Since the Petition for Warrant dated January 11, 2023, Mr. Ubence has failed to be available for supervision. Therefore, the probation officer respectfully refers Your Honor to the previously submitted violation report for a description of his supervision adjustment.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

The probation officer respectfully refers Your Honor to the Petition for Warrant dated January 11, 2023, for an assessment of Mr. Ubence's personal history.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation:** : If it is determined that the offender has violated the conditions of supervised release by being in possession of a controlled substance, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(1), and USSG §7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves robbery which constitutes a Grade A violation. USSG §7B1.1(a)(1)(A)(i), p.s.

Upon a finding of a Grade A violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade A violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 12 to 18 months.** USSG § 7B1.4, p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 33 months' supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of 3 months' custody in this case. 18 U.S.C. § 3583(b).

### RECOMMENDATION/JUSTIFICATION

In addition to breaching Your Honor's trust by brandishing an imitation firearm, delaying arrest, possessing drug paraphernalia, failing to report law enforcement contact, failing to report a change of address, failing to participate in drug treatment and using a controlled substance, Mr. Ubence engaged in new felonious criminal conduct. The new allegations comprise Grade A violations, which changes the prescribed imprisonment range to 12 to 18 months. Should Your Honor find Mr. Ubence in violation as alleged herein, the probation officer respectfully recommends revocation of supervised release and a 15-month term of custody. The custodial term is sufficient

and not greater than necessary to sanction and deter Mr. Ubence from further criminal conduct. The probation officer further recommends the custodial term be served consecutively to any sentence imposed in any related case. As previously recommended, the probation officer recommends Your Honor impose a 27-month term of supervised release, including all previously ordered special conditions and the following special conditions:

1. Enroll in and successfully complete a residential drug treatment program as directed by the probation officer.

2. Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive).

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: February 19, 2023**

Respectfully submitted:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____
Jennifer Avila
U.S. Probation Officer
(760) 339-4207

Reviewed and approved:

_____
Lorena Gonzalez
Supervisory U.S. Probation Officer

PROB12CW                                                                                              February 19, 2023

# AMENDED      VIOLATION SENTENCING SUMMARY      AMENDED

1. **Defendant:** Ubence, Jose

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 21CR01359-001-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

    | **Violations** | **Grade** |
    |---|---|
    | took property from another person by force | A |
    | took a motor vehicle from another person by means of force | A |
    | assaulted another person with a deadly weapon | A |
    | possessed a controlled substance | B |
    | brandished an imitation firearm | C |
    | delayed arrest | C |
    | possessed drug paraphernalia | C |
    | failed to report law enforcement contact | C |
    | failed to report a change of address | C |
    | failed to participate in drug treatment | C |
    | used a controlled substance | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))      [   A   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))      [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))      [ 12 to 18 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____  Community Confinement _____
    Fine($) _____  Home Detention _____
    Other _____  Intermittent Confinement _____

**THE COURT ORDERS:**

__X__  THE ORIGINAL ORDER TO SHOW CAUSE DATED JANUARY 11, 2023, BE AMENDED TO INCLUDE THE ABOVE ADDITIONAL ALLEGATIONS.

_____  Other _____

_____

_____

_/s/ Janis L. Sammartino_____  02/21/2023
The Honorable Janis L. Sammartino  Date
U.S. District Judge